UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:  JASON T. LUCAS,                                7-07-11560 MA

    Debtor.

---

TERRY L. LAZARON,

    Plaintiff,
v.                                                     Adversary No. 07-1133 M

JASON T. LUCAS,

    Defendant.

## ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

THIS MATTER is before the Court on Plaintiff's Motion for Summary Judgment ("Motion"). The Motion is supported by Plaintiff's Memorandum of Points and Authorities in Support of Motion for Summary Judgment ("Memorandum"). Plaintiff, *pro se,* asserts that Defendant's admissions establish that the debt at issue in this adversary proceeding was obtained through false pretenses which bar the discharge of the debt under 11 U.S.C. § 523(a)(2). Defendant, by and through his attorney, Steve H. Mazer, counters that genuine issues of material fact preclude summary judgment, and asserts that he should be granted judgment on the pleadings inasmuch as the acts and omissions complained of do not fall within the subsection of 11 U.S.C. § 523(a)(2) plead by Plaintiff in the Complaint. *See* Response to Motion for Summary Judgment and Cross Motion for Judgment on the Pleadings.[1] Defendant also filed a Sur-Reply to Defendant's Response ("Sur-Reply") (Docket # 15), wherein his counsel denies having

---

[1] Because the Response to Motion for Summary Judgment and Cross Motion for Judgment on the Pleadings includes two requests for relief: denial of the Plaintiff's Motion and judgment on the pleadings in favor of Defendant, the Clerk of the Bankruptcy Court instructed Defendant to file a separate motion for judgment on the pleadings. The Court will address Defendant's arguments within the context of the Plaintiff's request for summary judgment.

received a request for admissions or any other request for discovery, and does not agree that any admissions have been made by Defendant in connection with this adversary proceeding. Plaintiff filed a reply to Defendant's response (Docket # 16), asserting that Plaintiff has established all elements necessary to grant summary judgment, and citing *In re Joelson,* 427 F.3d 700 (10th Cir. 2005), for the proposition that oral and written statements that are financial in nature but do not present a comprehensive picture of the debtor's overall financial condition fall within the parameters of 11 U.S.C. § 523(a)(2)(A).

Upon review of the Motion and other documents submitted by the parties, the Court finds that under the Tenth Circuit's strict construction of the phrase "statements respecting the debtor's . . . financial condition," the oral and written statements made by the Debtor do not fall within the express exception for such statements contained in 11 U.S.C. § 523(a)(2)(A), but that Plaintiff has failed to establish sufficient undisputed facts from which the requisite intent to defraud under 11 U.S.C. § 523(a)(2)(A) can be inferred as a matter of law. Accordingly, the Motion will be denied.

DISCUSSION

Allegations in the Complaint/Plaintiff's Claim of Non-dischargeability

Plaintiff's Complaint to Determine Dischargeability of Debt ("Complaint") alleges that a certain debt represented by a judgment obtained by the Plaintiff against the Defendant under the Uniform Owner-Resident Relations Act entered in the Metropolitan Court of Bernalillo County on October 10, 2003 in Case No. CV-10713-03 based on Defendant's failure to pay rent is non-dischargeable under 11 U.S.C. § 523(a)(2)(A). Plaintiff alleges that Defendant made false representations in a Residential Rental Application, including a representation that he was

2

employed with United Parcel Service ("UPS") with gross monthly pay of $800.00, when, in fact he was not employed by UPS at the time of the application. *See* Complaint ¶ 8 and 14. Plaintiff further alleges that Defendant said he would pay the first month's rent on Friday, August 31, 2003, but never did; that Defendant had no intention of paying any rent for the time he had possession of the apartment; that Defendant failed to disclose his living arrangements at the time, including the fact that he owned a house with his girlfriend and child; and that Plaintiff relied on Defendant's representations in agreeing to enter into a lease agreement and granted Defendant access to the apartment for occupancy, beginning August 1, 2003.

Summary Judgement Standards.

It is appropriate for the Court to grant summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56, Fed.R.Civ.P., made applicable to bankruptcy proceedings by Rule 7056, Fed.R.Bankr.P. "[A] party seeking summary judgment always bears the initial responsibility of informing the . . . court of the basis for its motion, and . . . [must] demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

In determining whether summary judgment should be granted, the Court will view the record in the light most favorable to the party opposing summary judgment. *Harris v. Beneficial Oklahoma, Inc. (In re Harris),* 209 B.R. 990, 995 (10th Cir. BAP 1997)). In order to defeat a motion for summary judgment, the opposing party may not simply rest on its pleading or denials of the allegations, but must demonstrate that genuine issues of material fact require a trial. *See*

3

Rule 56(e)(2), Fed.R.Civ.P. (A party opposing a properly supported motion for summary judgment "may not rely merely on allegations or denials in its own pleading; rather its response must –by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial.").

Undisputed Facts.

In support of Plaintiff's Motion, Plaintiff attaches copies of certain documents, including a copy of the Residential Rental Application dated July 31, 2003 wherein the Defendant stated that he was employed by UPS, and a copy of the Answer by Garnishee dated December 5, 2003 wherein UPS reports that Defendant's employment with UPS ended July 21, 2003.[2] Defendant denied in his Answer to Complaint to Determine Dischargeability (Docket # 5) Plaintiff's allegations that he made any misrepresentation of facts regarding his employment with UPS at the time of the Residential Rental Application, denied that he never paid rent and never intended to pay rent, and further asserted in his Sur-Reply that requests for admissions were not properly served upon his counsel, but did not otherwise offer any affidavit or other evidence in to create a genuine issue of material fact in defense of the Motion. *See* Rule 56(e)(1), Fed.R.Civ.P., made applicable to bankruptcy proceedings by Rule 7056, Fed.R.Bankr.P. Thus the Residential Rental Application and the Answer by Garnishee offered by Plaintiff in support of the Motion establish that Defendant was not employed with UPS as of the date reflected on the Residential Rental

---

[2]The Motion also asserts that Defendant's Residential Rental Application misrepresented that Defendant had never been sued for non-payment of rent, and attaches as an exhibit to the Motion a copy of a Transcript of Judgment against Defendant and Gina Iadanza in favor of SNK Park Pointe, Inc. d/b/a Ariosa at North East Heights Apts. Because the Complaint does not include any allegations concerning this issue, the Court will not address it as part of Plaintiff's request for summary judgment.

Application.

<u>Required elements for non-dischargeability under 11 U.S.C. § 523(a)(2)(A)</u>

Pursuant to 11 U.S.C. § 523(a)(2)(A), a debt for money, property[3], or services will not be discharged to the extent obtained by: "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A). Section 523(a)(2)(A) expressly excepts statements respecting a debtor's financial condition; written statements respecting a debtor's financial condition fall within subsection (B) of 11 U.S.C. § 523(a)(2).[4] *See* 11 U.S.C. § 523(a)(2)(A) ("false pretenses, false representation, or actual fraud, *other than a statement respecting the debtor's or an insider's financial*

---

[3]Rights of possession under a property lease constitute property within the meaning of 11 U.S.C. § 523(a)(2). *See* 4 Collier on Bankruptcy, ¶ 523.08[1][b] (Alan N. Resnick and Henry J. Sommer, eds., 15h ed. rev. 2007)("The rights obtained by a debtor under a lease are property under section 523(a)(2)."); *Phillips v. Napier (In re Napier),* 205 B.R. 900, 905 (Bankr.N.D.Ill. 1997) (finding that lease for residential property "was an interest in property for purposes of § 523(a)(2)(B)").

[4]Subsection (B) provides:
    A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt –
        (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by –
            (B) use of a statement in writing –
                (I) that is materially false;
                (ii) respecting the debtor's or an insider's financial condition;
                (iii) on which the creditor to whom the debtor is liable for such
                    money, property, services, or credit reasonably relied; and
                (iv) that the debtor caused to be made or published with intent to
                    deceive[.]

11 U.S.C. § 523(a)(2)(B).

5

*condition."*)(emphasis added).[5] Thus debts incurred as a result of *oral* misrepresentations respecting a debtor's financial condition are nevertheless dischargeable under 11 U.S.C. § 523(a)(2)(A). *See Joelson,* 427 F.3d at 704 ("If a debt is obtained by a false *oral* 'statement respecting the debtor's . . . financial condition,' the debt *is* dischargeable.")(emphasis in original).

In *Joelson,* the Tenth Circuit construed the phrase "respecting the debtor's . . . financial condition" which is found in both 11 U.S.C. § 523(a)(2)(A) and 11 U.S.C. § 523(a)(2)(B). The Tenth Circuit adopted a narrow, or strict construction of that phrase. *Joelson,* 427 F.3d at 706. Under this strict construction, only a communication that presents an overall picture of the debtor's financial condition, purports to state the debtor's overall net worth, overall financial health, or overall ability to generate income, or a statement that provides an equation of assets and liabilities constitutes a "statement respecting the debtor's . . . financial condition" within the

---

[5] Many courts state that 11 U.S.C. § 523(a)(2)(A) and 11 U.S.C. § 523(a)(2)(B) are "mutually exclusive." *See, e.g., Thul v. Ophaug (In re Ophaug),* 827 F.2d 340, 343 (8th Cir. 1997)(stating that "sections 523(a)(2)(A) and 523(a)(2)(B) are mutually exclusive."); *McCrary v. Barrack (In re Barrack),* 217 B.R. 598, 605 (9th Cir. BAP 1998)("It is well established that these subsections are mutually exclusive.")(citation to legislative history omitted); *In re McCleary,* 284 B.R. 876, 883 (Bankr.N.D.Iowa 2002)("Case law has consistently and unanimously held that paragraphs (A) and (B) of § 523(a)(2) are mutually exclusive."). This statement seems over broad. Rather, the distinction between the two subsections hinges upon the definition of "statement respecting the debtor's . . . financial condition." If a statement falls within the category of "statement[s] respecting the debtor's . . . financial condition," it is expressly excluded from subsection (A); and in order to be actionable under subsection (B), must be a statement in writing. 11 U.S.C. § 523(a)(2)(A) and (B). If a statement does not constitute a "statement respecting the debtor's . . . financial condition," it may nevertheless be actionable under subsection (A) whether the statement is oral or based on a writing, but will not support a non-dischargeability claim under subsection (B) even if it is in writing. *See In re Chivers,* 275 B.R. 606, 617 and 623 (Bankr.D.Utah 2002) (concluding that written letter did not constitute a statement respecting an insider's financial condition and granting debtor's motion for summary judgment on plaintiff's claim under § 523(a)(2)(B), and positing that written statements that do not constitute a statement of financial condition are actionable under § 523(a)(2)(A)).

6

meaning of 11 U.S.C. § 523(a)(2)(A) or (B). *Id.* at 705 (citing *Chivers,* 275 B.R. at 614). In order for a "statement respecting the debtor's . . . financial condition" to form the basis of a non-dischargeable debt, it must be written. 11 U.S.C. § 523(a)(2)(B); *Joelson,* 427 B.R. at 704 ("By contrast, 11 U.S.C. § 523(a)(2)(B) states that a debt obtained by a false *written* statement 'respecting the debtor's . . . financial condition' is *not* dischargeable, provided certain conditions are met.")(emphasis in original). Conversely, both oral statements *and* written statements that do not fall within the narrow scope of the phrase "statements respecting the debtor's . . . financial condition" can form the basis of a non-dischargeable debt under 11 U.S.C. § 523(a)(2)(A), provided all other elements are satisfied. *See Chivers,* 275 B.R. at 623 (acknowledging that written representations, other than a statement respecting the debtor's financial condition are actionable under § 523(a)(2)(A)).[6]

Defendant argues that Plaintiff's alleged misrepresentations constitute statements respecting the Defendant's financial condition, which are dischargeable under 11 U.S.C. § 523(a)(2)(A).[7] This Court disagrees. Under the narrow view, a "statement respecting the

---

[6]*See also, Frankford Bank v. Chryst (In re Chryst),* 177 B.R. 486, 493 (Bankr.E.D.Pa. 1994) ("The 'representation' under § 523(a)(2)(A) can be a spoken or written representation, other than a statement regarding the debtor's financial condition which is governed by § 523(a)(2)(B), or an act by debtor."); *Matter of Gross,* 175 B.R. 277, 283 (Bankr.N.D.Ind. 1994)(noting that "false pretenses" under § 523(a)(2)(A) "involves an implied representation, while the other ["false representation"] is expressed, either oral or written."); *Union Bank of the Middle East, Ltd. v. Luthra (In re Luthra),* 182 B.R. 88, 92 (E.D.N.Y. 1995)(stating generally that § 523(a)(2)(A) "addresses oral and other written representations by the debtor").

[7]Defendant cites *In re Gulevsky,* 362 F.3d 961 (7th Cir. 2004) in support of his argument that the acts and omissions of which Plaintiff complains constitute "statements respecting the debtor's . . . financial condition" which are expressly excepted from 11 U.S.C. § 523(a)(2)(A). Defendant's reliance on *Gulevsky* seems misplaced inasmuch as *Gulevsky* considered whether false oral statements respecting a debtor's financial condition can form the basis of a claim for non-dischargeability action under 11 U.S.C. § 523(a)(6) as a means of circumventing the writing

7

debtor's . . . financial condition," is restricted to those types of statements, like balance sheets, income statements, or other financial statements from which the debtor's overall financial situation can be ascertained.[8] The statement regarding Defendant's employment is certainly relevant to the Defendant's apparent ability to pay rent, but does not represent the Defendant's overall financial condition. The Residential Rental Application does not purport to reflect all of the Defendant's assets and liabilities. It provides information about certain aspects of the Defendant's financial condition, but because it does not present an overall picture of the Defendant's net worth, the Court finds that it does not fall within the narrow scope of "statements respecting the debtor's financial . . . condition" as defined by the Tenth Circuit in *Joelson*.[9]

<u>Other elements necessary to a claim under 11 U.S.C. § 523(a)(2)(A)</u>

To prevail on under 11 U.S.C. § 523(a)(2)(A) Plaintiff must establish the following elements: 1) that the Defendant made a false representation; 2) that the representation was made

---

requirement contained in 11 U.S.C. § 523(a)(2)(B). *Gulevsky,* 362 F.3d at 964.

[8]*See Chivers,* 275 B.R. at 615 (describing the strict interpretation as one that "does not require any specific formality" but "limits an actionable statement of financial condition to financial-type statements including balance sheets, income statements, statements of changes in financial position, or income and debt statements that provide what may be described as the debtor or insider's net worth, overall financial health or equation of assets and liabilities.")(citation omitted).

[9]At least one court in a different jurisdiction has held that a similar rental application could serve as the basis for non-dischargeability under 11 U.S.C. § 523(a)(2)(B). *See Napier,* 205 B.R. at 905 (finding that a rental application which contained statements regarding the debtor's employment, weekly gross earnings and additional income constituted a written statement respecting the debtor's financial condition). Whether the broad or narrow approach should be taken with respect to the scope of "statement respecting the debtor's . . . financial condition" under 11 U.S.C. § 523(a)(2)(A) and (B) has not yet been addressed by the Seventh Circuit.

8

with intent to deceive; 4) that the party justifiably relied on the representation; and 5) that the party was damaged as a result of the false representation.[10] Plaintiff must establish each element by a preponderance of the evidence.[11]

Plaintiff has established some, but not all of the required elements necessary to her cause of action for purposes of summary judgment. The Residential Rental Application and the Answer by Garnishee establish that the Defendant made a false representation. But Plaintiff has not established the second element requiring proof of an intent to deceive. Rarely is it appropriate to grant summary judgment on a claim for non-dischargeability based on 11 U.S.C. § 523(a)(2)(A) because intent to defraud often depends upon the credibility of witnesses.[12]

Of course, a debtor accused of making false representations is not likely to admit that he or she made such representations with the intended purpose of defrauding a creditor. For this reason, a creditor may establish an intent to deceive based upon the totality of the surrounding facts and circumstances from which fraudulent intent may be inferred. *See Young,* 91 F.3d at

---

[10]*Fowler Bros v. Young (In re Young),* 91 F.3d 1367, 1373 (10th Cir. 1996) (identifying the five elements necessary to a determination of non-dischargeability under 11 U.S.C. § 523(a)(2)(A), but requiring reasonable reliance); *Field v. Mans*, 516 U.S. 59, 69-76, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995) (establishing justifiable reliance standard under § 523(a)(2)(A)).

[11]*Grogan v. Garner*, 498 U.S. 279, 287, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991) (establishing preponderance of the evidence standard for dischargeability actions).

[12]*See In re Baines,* 337 B.R. 392, 400 (Bankr.D.N.M. 2006) ("The issue of fraudulent intent, central to a claim for non-dischargeability under 11 U.S.C. § 523(a)(2)(A) is a material issue which is not easily subject to adjudication by summary judgment.")(citing *In re Redden,* 234 B.R. 49, 51 (Bankr.D.Del.1999) (citations omitted)); *In re Sutherland-Minor,* 345 B.R. 348, 356 (Bankr.D.Colo. 2006) ("Even if the Defendant had admitted making false representations, summary judgment is difficult to obtain when the issue is the intent of one of the parties.")(citing *Jobin v. Waukau (In re M & L Bus. Mach. Co., Inc.),* 166 B.R. 723, 724-25 (Bankr.D.Colo. 1993)).

9

1375 (fraudulent intent may inferred based on the "totality of the circumstances")(citations and internal quotations omitted); *AT & T v. Herrig (In re Herrig),* 217 B.R. 891, 896 (Bankr.N.D.Okla. 1998)(noting that courts taking the "totality of the circumstances" approach do so because "rarely, if ever, will a debtor admit his or her intent to deceive while under oath.")(citation omitted).

    Plaintiff asserts that summary judgment should be granted based upon the deemed admissions and documentary evidence attached to the Motion. But as examined above, the documentary evidence only establishes a falsehood which does not also serve to satisfy the intent requirement of 11 U.S.C. § 523(a)(2)(A). *See Chivers,* 275 B.R. at 620 ("In order to qualify as a fraudulent misrepresentation, the representation must be supported by the element of scienter [intent].")(citing Restatement (Second) of Torts § 526 (1976)). And Defendant's Sur-Reply disputes that Plaintiff is entitled to any deemed admissions based on a request for admissions Defendant asserts were not properly served upon Defendant's counsel. In sum, Plaintiff's Motion and Memorandum fail to establish as a matter of law that Defendant possessed the requisite intent to defraud at the time Plaintiff alleges Defendant made certain misrepresentations and/or omissions sufficient to render the debt at issue non-dischargeable under 11 U.S.C. § 523(a)(2)(A).

    WHEREFORE, IT IS HEREBY ORDERED that the Motion is DENIED.

    _____
MARK B. McFEELEY
United States Bankruptcy Judge

COPY TO:

Terry L. Lazaron
1721 Princeton Dr. SE
Albuquerque, NM 87106

Steve H. Mazer
Attorney for Defendant
2501 Yale SE 2nd Floor
Albuquerque, NM 87106-2901

11