UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: JASON T. LUCAS, 7-07-11560 MA

    Debtor.

_____

TERRY L. LAZARON,

    Plaintiff,

v.     Adversary No. 07-1133 M

JASON T. LUCAS,

    Defendant.

## MEMORANDUM OPINION

The Court took this matter under advisement following a trial on the merits to determine the dischargeability of a debt under 11 U.S.C. §523(a)(2)(A). The debt at issue in this proceeding is based upon Defendant's non-payment of rent to Plaintiff which resulted in a pre-petition judgment against Defendant in the amount of $1,517.00. Plaintiff asserts that Defendant made written misrepresentations to Plaintiff in a rental application; that Defendant made continuing oral promises to Plaintiff to pay rent; that Defendant took possession of the apartment but never made any rental payments; and that Defendant never had any intention of paying rent to Plaintiff.

The Court previously entered an order denying Plaintiff's motion for summary judgment, finding that while some of Defendant's misrepresentations are undisputed, genuine issues of

1

material fact remained with respect to Defendant's intent to defraud.[1]  Defendant did not appear or testify at trial.   Based on the undisputed misrepresentations in the rental application and the uncontested testimony of Plaintiff at trial, the Court finds that there is sufficient circumstantial evidence from which Defendant's intent to defraud can be inferred.   The Court, therefore, concludes that the debt at issue is non-dischargeable under 11 U.S.C. § 523(a)(2)(A).

## DISCUSSION

Debts obtained by false pretenses, a false representation, or actual fraud are non-dischargeable in bankruptcy under 11 U.S.C. § 523(a)(2)(A).   That section provides:

> A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual from any debt --
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by --
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

11 U.S.C. § 523(a)(2)(A).

Section 523(a)(2)(A) applies to both written and oral statements, provided the statement does not concern the debtor's or an insider's financial condition.[2]   As previously determined by this

---

[1] Plaintiff also filed a Motion to Amend Complaint to Add Factual Allegations as to Fraud ("Motion to Amend") (Docket # 27) and a Motion to Determine Insufficiency of Responses to Requests for Admissions and for Sanctions ("Motion for Sanctions") (Docket # 26).  The Court granted the Motion to Amend and the Motion for Sanctions (Docket # 34 and Docket #35), and denied Defendant's request to reconsider those orders.   *See* Docket # 46 and Docket # 47.

[2] *See In re Chivers,* 275 B.R. 606, 617 and 623 (Bankr.D. Utah 2002)(granting debtor's motion for summary judgment on non-dischargeability action under 11 U.S.C. § 523(a)(2)(B), finding that letter did not constitute a statement respecting the debtor's or an insider's financial condition, but positing that written statements that do not constitute a statement respecting the debtor's or an insiders financial condition are actionable under 11 U.S.C. § 523(a)(2)(A)); *Frankford Bank v. Chryst (In re Chryst),* 177 B.R. 486, 493 (Bankr.E.D.Pa. 1994) ("The 'representation' under § 523(a)(2)(A) can be a spoken or written representation, other than a

Court in its Order Denying Plaintiff's Motion for Summary Judgment (Docket # 21), the Residential Rental Application does not constitute a statement respecting the Defendant's financial condition even though some of the statements contained therein concern Defendant's employment status and income.[3] Consequently, misrepresentations contained in the Residential Rental Application can form the basis of a non-dischargeability action under 11 U.S.C. § 523(a)(2)(A).

Plaintiff asserts that the Residential Rental Application the Debtor completed and signed on July 31, 2003 contained the following misrepresentations:  1) that he was employed at United Parcel Service ("UPS") earning gross monthly income of $800.00; and  2) that he had never been sued for non-payment of rent.[4]  *See* Exhibit 1.   The Answer by Garnishee completed by UPS reports that Defendant's employment with UPS ended July 21, 2003.  *See* Exhibit 4.  Thus the Answer by Garnishee establishes that Defendant was not employed by UPS as of the date Defendant signed the Residential Rental Application.   Similarly, a Judgment for Restitution under the Uniform Owner-Resident Relations Act entered in favor of SNK Park Pointe, Inc.,

---

statement regarding the debtor's financial condition which is governed by § 523(a)(2)(B), or an act by debtor."); *Bobilya Chrysler, Plymouth, Dodge, Inc. v. Gross (In re Gross),* 175 B.R. 277, 283 (Bankr.N.D.Ind. 1994)(noting that "false pretenses" under § 523(a)(2)(A) "involves an implied representation, while the other ["false representation"] is expressed, either oral or written."); *Union Bank of the Middle East, Ltd. v. Luthra (In re Luthra),* 182 B.R. 88, 92 (E.D.N.Y. 1995)(stating generally that § 523(a)(2)(A) "addresses oral and other written representations by the debtor").

[3]*See* Order Denying Plaintiff's Motion for Summary Judgment, p. 9 (determining that the Residential Rental Application did not fall within the meaning of  "statements respecting the debtor's financial condition" as narrowly defined by the Tenth Circuit in *In re Joelson,* 427 F.3d 700 (10th Cir. 2005).

[4]The Order Granting Plaintiff's Motion to Amend Complaint to Add Factual Allegations as to Fraud authorized Plaintiff to add this allegation.   *See* Docket # 35 and Docket # 27.

3

d/b/a Arioso at Northeast Heights Apartments ("SNK") and against Defendant (and others) dated December 5, 2002 establishes that, in fact, Defendant had been sued for non-payment of rent as of the time he signed the Residential Rental Application. *See* Exhibit 5. The judgment in favor of SNK was recorded in the Office of the County Clerk of Bernalillo County, New Mexico on December 18, 2002 and became a matter of public record. *See* Exhibit 6. This evidence establishes that the Residential Rental Application contained two significant misrepresentations.

Defendant did not testify at trial to refute or explain these misrepresentations. Thus, the evidence shows that Defendant made certain misrepresentations to Plaintiff. But in order to prevail under 11 U.S.C. § 523(a)(2)(A), Plaintiff must also establish, by a preponderance of the evidence, the following additional required elements: 1) that the misrepresentation was made with intent to deceive; 2) that the Plaintiff relied upon the misrepresentation; and 3) that the misrepresentation caused Plaintiff to sustain a loss.[5] Unlike 11 U.S.C. § 523(a)(2)(B), a creditor's reliance under 11 U.S.C. § 523(a)(2)(A) must only be justifiable.[6] Reliance by the creditor is not justifiable if the creditor could have appreciated the falsity of the representation at the time by the use of his or her senses.[7]

At trial, Defendant attempted to show that Plaintiff may not have taken as many precautions as he could or should have before agreeing to rent the apartment to Defendant, such

---

[5] *Fowler Bros. v. Young (In re Young),* 91 F.3d 1367, 1373 (10th Cir. 1996)(stating the required elements for non-dischargeability under 11 U.S.C. § 523(a)(2)(A)); *Grogan v. Garner,* 498 U.S. 279, 291, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991)(establishing preponderance of the evidence standard of proof for dischargeability actions).

[6] *Field v. Mans,* 516 U.S. 59, 69-76, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995)(establishing justifiable reliance standard for dischargeability actions under 11 U.S.C. § 523(a)(2)(A)).

[7] *In re Audley,* 268 B.R. 279, 282 n. 7 (Bankr.D.Kan. 2001)(citing *Field v. Mans,* 516 U.S. 59, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995)).

4

as running a credit report, suggesting that it may not have been justifiable for Plaintiff to have relied on the Residential Rental Application. Defendant signed the Residential Rental Application and represented in the application that he was employed at UPS and that he had not previously been sued for non-payment of rent. Plaintiff could not have appreciated the falsity of these representations from the application itself. In deciding that Defendant could afford the rent, Plaintiff testified that he relied on the Residential Rental Application which included a statement of Defendant's monthly income from UPS. Plaintiff had no reason to disbelieve Defendant until after Defendant failed to make any payments to Plaintiff despite Defendant's ongoing assurances of payment. The Court, therefore, finds that Plaintiff relied upon the misrepresentations contained in the Residential Loan Application, and that Plaintiff's reliance on Defendant's misrepresentations was justifiable.

Because a Defendant rarely admits an intent to defraud, a Plaintiff can satisfy the scienter element under 11 U.S.C. § 523(a)(2)(A) through circumstantial evidence from which the Court may infer the requisite intent to defraud.[8] In this case, on the surface, it appears that Defendant made certain promises to pay rent, but broke that promise and failed to make any payments to Plaintiff. Broken promises alone fail to render a debt non-dischargeable under 11 U.S.C. §

---

[8]*See Young,* 91 F.3d at 1375 (stating that fraudulent intent may be inferred based on the "totality of circumstances")(citations and internal quotations omitted)); *In re Abraham*, 247 B.R. 479, 483 (Bankr.D.Kan.2000)(stating that "[s]ince a promisor does not usually admit fraudulent intent, the plaintiff must prove circumstances substantial enough to support an inference that there was intent to defraud.")(citation omitted); *AT & T v. Herrig (In re Herrig),* 217 B.R. 891, 896 (Bankr.N.D.Okla. 1998)(noting that courts apply the "totality of circumstances" approach to determine intent because "rarely, if ever, will a debtor admit his or her intent to deceive while under oath.")(citation omitted)).

5

523(a)(2)(A).[9] But there is additional circumstantial evidence to support a finding of non-dischargeability under 11 U.S.C. § 523(a)(2)(A).

First, as discussed above, the Residential Rental Application contained a significant misrepresentation central to whether Defendant would be able to make the promised rental payments. The evidence shows that he was not, in fact, employed by UPS at the time he entered into the lease. There is no evidence that he was employed elsewhere or had any other source of income at that time. Second, Plaintiff testified that Defendant made ongoing assurances and promises to him that Defendant would make the required deposit and pay the rent due. Plaintiff further testified that he gave Defendant possession of the apartment on or about July 31, 2003, without first receiving a rental deposit because Defendant had promised Plaintiff that he would pay Plaintiff the next day. In fact, Defendant never made any payments to Plaintiff. And because Defendant did not testify to explain why he did not make the payments, the Court was not able to evaluate Defendant's credibility. To the contrary, the Court is left with evidence that Defendant lied on his Residential Rental Application and made oral promises to pay Plaintiff, but failed to do so. Based on the misrepresentations in the Residential Rental Application, Plaintiff's testimony that Defendant made ongoing assurances to pay, and Defendant's failure to offer any other explanation for his failure to pay, it is not too difficult to infer that Defendant entered into the lease and took possession of the apartment with no present intention to pay. Making a promise with no present intent to fulfill it is sufficient to establish intent to defraud

---

[9]*Abraham,* 247 B.R. at 483 ("If a plaintiff charges that a promise or a statement concerning a future event was fraudulent, the plaintiff must show more than merely nonperformance of the promise.")(citations omitted)).

6

under 11 U.S.C. § 523(a)(2)(A).[10]   Finally, having failed to pay the amounts due Plaintiff under the lease, Defendant's misrepresentations caused Plaintiff to sustain a loss.   Plaintiff has, therefore, established all elements necessary to a determination of non-dischargeability under 11 U.S.C. § 523(a)(2)(A).

Based on the foregoing, the Court concludes that the debt at issue in this adversary proceeding is non-dischargeable under 11 U.S.C. § 523(a)(2)(A). The Court will enter a judgment consistent with this Memorandum.

/s/ Mark B. McFeeley
MARK B. McFEELEY
United States Bankruptcy Judge

Date entered on docket:  July 9, 2008

COPY TO:

Terry L. Lazaron
Plaintiff
1721 Princeton Dr. SE
Albuquerque, NM 87106

Steve H Mazer
Attorney for Defendant
2501 Yale SE 2nd Floor
Albuquerque, NM 87106-2901

---

[10] *See Abraham,* 247 B.R. at 483 (to prevail on a claim under 11 U.S.C. § 523(a)(2)(A) based on the contention that a defendant's future promise to pay was fraudulent, "[t]he plaintiff must prove the promisor intended to deceive at the time he or she made the promise.")(citations omitted)); *Bank One Columbus, N.A. v. Schad (In re Kountry Korner Store),* 221 B.R. 265, 272 (Bankr.N.D.Okla. 1998)(plaintiff must show that "debtor had no actual present intent to ever repay the debt at the time the debt was incurred").